UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

04 APR -8 AM 10: 47


CLERK-ALBUQUERQUE

SHAWN PAUL LOYD,

      Petitioner,

v.

                                                CIVIL NO. 03-1158 WPJ/DJS

PATRICK SNEDEKER, Warden,

      Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28

U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in No. CRCR 2000-

00576 in the Second Judicial District, Bernalillo County, of New Mexico. In that proceeding

Petitioner was convicted following a jury trial of one count of First Degree Murder (Willful and

Deliberate) and one count of Bribery of a Witness (Threats-Testimony). As a result of the foregoing,

Petitioner was sentenced to a term of imprisonment of life imprisonment plus eighteen months

imprisonment, which sentence was set to run consecutively to another sentence Petitioner was

serving at that time.

2. Petitioner challenges his conviction and sentence on three grounds. His first ground for

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and
recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to
such proposed findings and recommendations. A party must file any objections within the ten-
day period allowed if that party wants to have appellate review of the proposed findings and
recommendations. If no objections are filed, no appellate review will be allowed.

relief is that he was denied due process at trial by the trial court's erroneous admission of a hearsay statement and by the courts limitation of his cross examination of a witness, Lea Smith. Petitioner's second ground for relief is that insufficient evidence was presented at trial to support his conviction for first degree murder. His third ground for relief is that insufficient evidence was presented at trial to support his conviction for bribery of a witness.

3. 28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent concedes that Petitioner has exhausted his state court remedies as to all of the claims brought in the instant petition, with the exception of one of the factual bases of his first claim for relief. Petitioner has never presented the New Mexico courts with his claim that he was denied due process by the trial court's limitation of his cross examination of Lea Smith. Further, Respondent asserts that Petitioner has procedurally defaulted that claim. This Court agrees with Respondent that Petitioner has procedurally defaulted the second part of his due process claim and further agrees that he has failed to assert a claim upon which he is entitled to relief.

4. Procedural default is a doctrine based in comity and federalism. Jackson v. Shanks, 143 F.3d 1313, 1317 (10th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 730 (1991)).[2] Those claims which have been procedurally defaulted will be barred unless a *habeas* petitioner can show cause and prejudice for the default or that application of the rule would cause a miscarriage of

---

[2]Procedural default occurs when a *habeas* petitioner fails to exhaust state remedies and the court to which he would be required to present his claims in order to meet the exhaustion requirement would find those claims procedurally barred. See Coleman, 501 U.S. at 735, n. 1.

justice. See Maes v. Thomas, 46 F.3d 979, 984 (10th Cir.) cert. denied, 502 U.S. 1110 (1995) (Federal courts do not address issues that have been defaulted in state court on an independent and adequate state ground unless cause and prejudice or a fundamental miscarriage of justice is shown). In this case, Petitioner did not raise the allegation that his due process rights were violated by the trial court's limitation of his cross-examination of the government's witness, Lea Smith, on direct appeal. Further, Petitioner did not file a state *habeas* petition and so did not try to raise the issue via a collateral proceeding.

5. Failure to raise an issue in a direct criminal appeal can result in a waiver of that claim for the purpose of post-conviction relief in New Mexico. Jackson v. Shanks, 143 F.3d 1313, 1318 (10th Cir.) cert. denied 525 U.S. 950 (1998). The 10th Circuit Court of Appeals held that New Mexico courts consistently and even handedly apply this rule. Id. Under the circumstances of this case, Petitioner's claim regarding the trial court's limitation of his cross examination of one of the witnesses against him was known to him at the time of his direct appeal and could have been raised when he asserted the due process issue regarding hearsay. Cf. Jackson, 143 F.3d at 1318-19. Accordingly, he has procedurally defaulted the claim. See Maes, 46 F.3d at 985-86 (Issues abandoned on direct appeal in New Mexico considered defaulted).

6. As noted, Petitioner can overcome procedural default if he can show cause for the default as well as actual prejudice stemming therefrom or that applying the doctrine will result in a fundamental miscarriage of justice. Jackson, 143 F.3d at 1317. Respondent filed his motion to dismiss on November 10, 2003 and Petitioner never filed a response to the motion. Further, none of his allegations give rise to a claim regarding cause for the default. In the absence of any allegation of a fundamental miscarriage of justice or cause for Petitioner's default, the second portion of his

3

first claim for relief must be dismissed on the ground of procedural default.

7. In examining the merits of Petitioner's remaining claims, the Court views the arguments in light of the standard set forth in 28 U.S.C. §2254(d), which provides that:

> An application for writ of *habeas corpus*...shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

This language means that if a state court ruled upon the merits of a *habeas* petitioner's claims, a federal court may grant his petition only if the petitioner can establish that the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law;  decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to the facts of the prisoner's case. Elliot v. Williams, 248 F.3d 1205, 1207 (10th Cir. 2001) (citing Williams v. Taylor, 529 U.S. 362 (2000)). When reviewing a state court's application of federal law, federal courts are precluded from issuing the writ simply because they conclude in their independent judgment that the state court applied the law erroneously or incorrectly. Rather, the federal court must be convinced that the application was also objectively unreasonable. Id. In addition, a federal court "presume[s] the factual findings of the state court are correct unless petitioner can rebut this presumption by clear and convincing evidence." Smallwood v. Gibson, 191 F.3d 1257, 1265 (10th Cir. 1999) (citing § 2254(e)(1)).

8. The first portion of Petitioner's first claim for relief, the assertion that he was denied due process by the admission of hearsay statements attributed to the decedent, was resolved on the merits

4

in state court consistent with federal constitutional law. The New Mexico Supreme Court considered the contention that the trial court erred by refusing to declare a mistrial after the prosecutor elicited an inadmissible hearsay statement from the witness Carrie Matthews. Answer, Exhibit H, p. 3. Following Petitioner's objection, the trial court declined to declare a mistrial, but rather orally instructed the jury to disregard the hearsay portion of the testimony. Id. The New Mexico Supreme Court reviewed the trial court's ruling for an abuse of discretion and held that the trial court's prompt instruction to the jury to disregard the contested portion of the testimony cured any prejudice from the remark. Id. at 4. Federal courts similarly review trial courts' decisions to deny mistrials under an abuse of discretion standard. See United States v. Chanthadara, 230 F.3d 1237, 1248 (10th Cir. 2000) cert. denied, 534 U.S. 992 (2001). Consequently, the decision of the New Mexico Supreme Court is not contrary to Federal law and does not involve an unreasonable application of the law to the facts. Further, Petitioner has not alleged facts showing that the decision of the New Mexico Supreme Court rests upon an unreasonable determination of the facts in light of the evidence.

9. Similarly, Petitioner's claim that insufficient evidence was presented at trial to sustain his conviction for first degree murder was reviewed by the New Mexico courts. The New Mexico Supreme Court noted that Petitioner was not indicted until three years after the murder which resulted in his conviction. Answer, Exhibit H, p. 2. The murder weapon was not recovered and there was no physical evidence which connected him to the killing. Id. at 4. Those facts notwithstanding, several witnesses testified that there was a dispute between Petitioner and the victim. Two witnesses recounted that Petitioner stated that he was going to kill the victim before the murder and Lea Smith also testified that Petitioner told her he had committed the crime.

10. In reviewing a *habeas* claim based upon sufficiency of the evidence to convict, the

5

relevant question is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Scrivner v. Tansy, 68 F.3d 1234, 1239 (10th Cir. 1995) cert. denied, 516 U.S. 1178 (1996). This standard is consistent with the standard applied by the New Mexico Supreme Court to Petitioner's direct appeal. Further, the Constitution does not prohibit convictions based only upon uncorroborated testimony of a co-conspirator or an accomplice. Id. Here, the witnesses against Petitioner were not implicated in the murder. Because the decision of the New Mexico Supreme Court is entitled to deference under the 2254(d) standard, Petitioner is not entitled to relief on this claim.

11. The same holds true of Petitioner's claim that insufficient evidence was presented to support his conviction for intimidation of a witness. On direct appeal, the New Mexico Supreme Court upheld that conviction in the face of Petitioner's contention that the state's failure to prove that he made specific threats directed to a witness rendered the evidence insufficient. Answer, Exhibit H, p. 6. The witness Lea Smith testified that Petitioner told her that he was going to make sure that no one said anything and that he would do whatever he had to in order to make sure no one talked. This statement followed Petitioner's admission that he committed the murder. Id. The New Mexico Supreme Court held that the jury could reasonably infer that the threat was directed at Smith. Id. Petitioner cannot show that this holding is contrary to Federal law or that it is based upon an unreasonable determination of the facts. Petitioner argues that Smith's subjective fear or belief that his statements were a threat directed at her were insufficient to support the conviction. Regardless of Smith's belief, the content and context of the statement provides sufficient evidence for the conviction.

6

## RECOMMENDED DISPOSITION

That this petition be denied and this matter dismissed with prejudice.

**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**

7